IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| ROCHESTER DRUG CO-OPERATIVE, INC., on behalf of itself and all others similarly situated,<br><br>    Plaintiff,<br><br>v.<br><br>BRAINTREE LABORATORIES INC.,<br><br>    Defendant. | Civil Action No. 07-142-SLR |
| MEIJER, INC. and MEIJER DISTRIBUTION, INC., on behalf of themselves and all others similarly situated,<br><br>    Plaintiffs,<br><br>v.<br><br>BRAINTREE LABORATORIES INC.,<br><br>    Defendant. | Civil Action No. 07-143-SLR |
| LOUISIANA WHOLESALE DRUG COMPANY, INC., on behalf of itself and all others similarly situated,<br><br>    Plaintiff,<br><br>v.<br><br>BRAINTREE LABORATORIES INC.,<br><br>    Defendant. | Civil Action No. 07-144-SLR |

DIRECT PURCHASER CLASS PLAINTIFFS' MEMORANUM
OF LAW SUPPORTING MOTION FOR ENTRY
OF PROPOSED PRETRIAL ORDER NO. 1

Plaintiffs Rochester Drug Co-operative, Inc. ("RDC"), Meijer, Inc. and Meijer Distribution, Inc. (collectively, "Meijer) and Louisiana Wholesale Drug Co., Inc. ("LWD") (collectively with RDC and Meijer, "Direct Purchaser Class Plaintiffs" or "Plaintiffs") respectfully move for entry of the proposed Pretrial Order No. 1 pursuant to Rule 23(g) of the Federal Rules of Civil Procedure and the *Manual on Complex Litigation (Fourth)*, and for the reasons set forth herein.

Counsel for Plaintiffs have met and conferred with counsel for defendant, Braintree Laboratories, Inc. ("Braintree" or "Defendant"). Counsel for Braintree supports entry of proposed Pretrial Order No. 1.

## I.   Introduction; Procedural History

On March 12, 2007, RDC filed an antitrust complaint on behalf of itself and a proposed class of direct purchasers of the brand-name drug MiraLax (the "RDC complaint"). The RDC complaint was filed as related to a patent infringement/antitrust counterclaim action – *Braintree Laboratories, Inc. v. Schwartz Pharma Manufacturing, Inc.*, No. 03-477 (SLR) (D. Del.) (the "Related Action") – that is pending before this Court. On the same day, March 12, 2007, Meijer, Inc. and Meijer Distribution, Inc. filed another antitrust complaint on behalf of a proposed class of direct purchasers of MiraLax (the "Meijer complaint"), and on March 13, 2007, Louisiana Wholesale Drug Company, Inc., filed a third antitrust complaint on behalf of a proposed class of direct purchasers of MiraLax (the "LWD complaint"). The Meijer and LWD complaints were filed as related to the Related Action and the RDC complaint.

The RDC, Meijer, and LWD complaints each challenge under the antitrust laws an allegedly anticompetitive scheme by Braintree, wherein Braintree blocked the entry of generic competition in order to maintain its monopoly power in the United States market for pharmaceutical drugs composed of MiraLax (polyethylene glycol 3350) and its A-rated generic

equivalents. Each complaint claims that Braintree, *inter alia*, improperly listed a patent purportedly covering Miralax in the FDA's Orange Book, and later filed a sham patent infringement case against Schwartz Pharma Manufacturing, Inc. ("Schwartz"), when Schwartz sought approval for its generic version of MiraLax. Plaintiffs allege that through this scheme Braintree unlawfully monopolized the market for MiraLax and its A-rated generic equivalents in violation of Section 2 of the Sherman Act. 15 U.S.C. § 2. Each complaint seeks treble damages on behalf of a proposed class of direct purchasers of MiraLax, who were allegedly overcharged due to Braintree's unlawful conduct.

## II.     Pretrial Order No. 1

Pursuant to the Federal Rule of Civil Procedure 23(g) and the *Manual on Complex Litigation (Fourth)* (the "*Manual*"), proposed Pretrial Order No. 1 provides for the coordination of the related direct purchaser class actions and the establishment of an organizational structure of Plaintiffs' counsel. By establishing a method by which to deal with related actions and designating a certain and efficient organization of Plaintiffs' counsel, entry of this Order will facilitate the orderly advancement of the litigation and result in a substantial time savings for the parties and the Court. Pretrial Order No. 1 thus comports with the *Manual's* recommendations for the management of complex litigation. *See Manual* §§ 10.123, 10.22, 10.221.

Pretrial Order No. 1 also complies with the criteria for appointment of Interim Class Counsel set out in Federal Rule of Civil Procedure 23(g). The firms designated as Co-Lead Counsel in proposed Pretrial Order No. 1 – Berger & Montague, P.C. ("B&M"), Kaplan, Fox & Kilsheimer, LLP ("KaplanFox"), and Garwin Gerstein & Fisher, LLP ("GGF") – clearly satisfy the applicable criteria for Class Counsel.[1] Proposed Co-Lead Counsel have worked to identify and

---

[1]     Information about these firms, and their experience in class action antitrust litigation, is

investigate the potential claims; are experienced in handling class action, complex, and antitrust litigation; possess in-depth knowledge of the applicable law; and have adequate resources to commit to representing the proposed class. *See* Fed. R. Civ. P. 23(g)(C).

B&M, KaplanFox, and GGF are three of the preeminent antitrust class action firms in the United States, with decades of experience and success working in a wide range of complex antitrust. B&M, KaplanFox, and GGF each have decades of experience litigating some of the nation's most complicated antitrust cases and recovering billions of dollars in damages for class members.

B&M has practiced complex and class action litigation from its Center City Philadelphia office for over 35 years. The June 2006 edition of *Chambers USA America's Leading Lawyers for Business* once again selected Berger & Montague as one of the top four antitrust firms in Philadelphia, noting that it is "the leading plaintiff outfit" in the city. Currently, the firm consists of 70 lawyers, approximately half of whom focus on antitrust litigation, and numerous experienced paralegals and support staff. The firm has been recognized by courts throughout the country for its ability and experience in handling major complex litigation, particularly antitrust cases. B&M has specific experience in pharmaceutical antitrust cases, and is currently co-lead counsel in the following pending pharmaceutical antitrust cases:

> *In re Aciphex Antitrust Litigation*, No. 06-11511 (S.D.N.Y.) (alleging antitrust violations on behalf of direct purchasers of the drug Aciphex);
>
> *In re Premarin Antitrust Litigation*, No. 01-704 (S.D. Ohio) (alleging antitrust violations on behalf of direct purchasers of the drug Premarin);
>
> *In re K-Dur Antitrust Litigation*, No. 01-1652 (D.N.J.) (alleging antitrust violations on behalf of direct purchasers of the drug K-Dur);

---

available on the firms' websites: www.bergermontague.com, http://www.kaplanfox.com, and www.garwingerstein.com. Full firm resumes are available for submission upon the Court's request.

*In re Metopolol Succinate Direct Purchaser Antitrust Litigation*, No. 06-52 (D. Del.) (alleging antitrust violations on behalf of direct purchasers of the drug Toprol);

*In re Plavix Antitrust Litigation*, No. 06-cv-202 (S.D. Ohio) (alleging antitrust violations on behalf of direct purchasers of the drug Plavix).

Additionally, B&M has taken a leadership roll or served on the plaintiffs' Executive Committee in the following pharmaceutical antitrust cases:

*In re Buspirone Antitrust Litigation*, MDL No. 1410 (S.D.N.Y.) ($220 million settlement).

*In re Relafen Antitrust Litigation*, No. 01-cv-12239-WGY (D. Mass.) ($175 million settlement).

*In re Remeron Antitrust Litigation*, No. 02-cv-02007-FSH-PS (D.N.J) ($75 million settlement).

*In re Cardizem CD Antitrust Litigation*, No. 99-MD-1278, MDL No. 1278 (E.D. Mich.) ($110 million settlement).

*North Shore Hematology-Oncology Assoc., Inc. v. Bristol-Myers Squibb Co.*, No. 04-CV-248 (D.D.C.) ($50 million settlement).

*In re Terazosin Hydrochloride Antitrust Litigation*, No. 99-MDL-1317 (S.D. Fl.) (approximately $75 million settlement).

For more than 30 years, the antitrust attorneys at KaplanFox have represented businesses and individuals, on both a class and non-class basis, who have been injured as a result of price-fixing, customer allocation or other anti-competitive behavior, by sellers of a broad array of products and services. KaplanFox is frequently at the forefront of significant private antitrust actions, and has been appointed by courts as lead counsel or member of an executive committee for plaintiffs in some of the largest antitrust cases throughout the United States. Additionally, KaplanFox has a leadership role in numerous pharmaceutical antitrust actions similar to the case pending before this Court. Over the years, KaplanFox has recovered over $2 billion for its clients in high-profile cases, including:

*In re High Fructose Corn Syrup Antitrust Litigation*, MDL No. 1087, Master File No. 95-1477 (C.D. Ill) ($531 million recovered);

*In re Brand Name Prescription Drugs Antitrust Litigation*, MDL 997 (N.D. Ill.) ($720 plus million recovered);

*In re Infant Formula Antitrust Litigation*, MDL 878 (N.D.Fla.) ($126 million recovered);

*In re Flat Glass Antitrust Litigation*, MDL 1200 (W.D.P) ($121 plus million recovered);

*In re Ocean Shipping Antitrust Litigation*, MDL 395 (S.D.N.Y.) ($51 million recovered);

*In re Medical X-Ray Film Antitrust Litigation*, CV 93-5904 (E.D.N.Y.) ($39.6 million recovered).

GGF and its predecessor firm have successfully championed the rights of investors, consumers, and small business for over fifty years. GGF is well known around the United States for skill in litigating complex class action cases, and has specific expertise in pharmaceutical antitrust actions like the instant case. As a result of its expertise, the settlements for GGF's antitrust class members have frequently ranged from 75% to 105%+ of single damages. The firm's notable recent antitrust successes include:

*In re Buspirone Antitrust Litigation*, (S.D.N.Y.) (settled in 2003 for $220 million for a class of buspirone direct purchasers);

*In re Relafen Antitrust Litigation*, (D. Mass.) (settled in 2004 for $175 million for a class of wholesalers that were Relafen direct purchasers);

*In re Cardizem CD Antitrust Litigation*, (E.D. Mich.) (settled in 2002 for $110 million for a class of wholesalers that were diltiazem direct purchasers);

*In re Terazosin Hydrochloride Antitrust Litigation*, (S.D. Fl.) (settled in 2005 for $75 million for a class of Terazosin Hydrochloride direct purchasers);

*In re Remeron Antitrust Litigation*, (D.N.J.) (settled in 2005 for $75 million for a class of mirtazapine direct purchasers).

In addition to the cases above, the firm is currently in charge of actively litigating various other antitrust cases in the pharmaceutical, medical device, agricultural and various other industries

Thus, there can be no doubt that B&M, KaplanFox, and GGF are able to represent the Class fairly and adequately. *See* Fed. R. Civ. P. 23(g)(B). Accordingly, appointment of Co-Lead

Counsel and the assignment of responsibilities to Co-Lead Counsel as set forth in Pretrial Order No. 1 are consistent with Federal Rule of Civil Procedure 23, as well as with the *Manual*'s recommendations regarding establishment of an organizational structure for counsel and ultimate goal of achieving "efficiency and economy" in the litigation. *See Manual* § 10.221.

Proposed Pretrial Order No. 1 also designates Rosenthal, Monhait & Goddess, P.A. ("Rosenthal") as the Liaison Counsel for the direct purchaser class actions. *See Manual* § 10.221. The firm has a significant presence in the Delaware Bar and is particularly known for its representation of class plaintiffs, often as local or liaison counsel. The appointment of Rosenthal as Liaison Counsel will increase the efficiency of the litigation and is consistent with the *Manual*'s ultimate goal of achieving "efficiency and economy" in the litigation. *See Manual* § 10.221.

Counsel for Plaintiffs have met and conferred with counsel for Defendant, and all parties support entry of proposed Pretrial Order No. 1. The parties are negotiating a proposed schedule for discovery and the filing of the Consolidated Amended Complaint, and are discussing the Defendant's desire for of a stay of this matter pending the outcome of the trial in Civil Action No. 03-477 (SJR) (D. Del.).

Thus, for the reasons set forth herein, and in order to provide for the orderly and efficient conduct of this case and any related actions, including those subsequently filed, Plaintiffs respectfully request that the Court enter the proposed Pretrial Order No. 1.

Dated: March 23 , 2007                    Respectfully submitted,

                                          _____
                                          Jeffrey S. Goddess (Del. Bar No. 630)
                                          **ROSENTHAL, MONHAIT & GODDESS, P.A.**
                                          919 Market Street, Suite 1401
                                          Wilmington, DE 19899-1070
                                          (302) 656-4433
                                          jgoddess@rmgglaw.com

**BERGER & MONTAGUE, P.C.**
Daniel Berger
David F. Sorensen
Eric L. Cramer
John D. Radice
1622 Locust Street
Philadelphia, PA 19103
(215) 875-3000


**KAPLAN FOX & KILSHEIMER, LLP**
Robert N. Kaplan
Linda P. Nussbaum
805 Third Avenue
New York, NY 10022
(212) 687-1980


**GARWIN GERSTEIN & FISHER, LLP**
Bruce E. Gerstein
Barry S. Taus
1501 Broadway
New York, NY 10036
(212) 398-0055


*Counsel for Direct Purchases Class Plaintiffs*